USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BERNICE BROWN,                                            :
:
                      Plaintiff,      :    13 Civ. 4233 (JMF)
:
     -v-                                                            :    MEMORANDUM OPINION
:           AND ORDER
RIVERVIEW ASSOCIATES L.L.C. et al.,           :
:
                    Defendants.  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On June 19, 2013, Plaintiff filed the Complaint in this action and sought an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order ("TRO"). (Docket Nos. 1, 2). In her Complaint, Plaintiff seeks to reverse the outcome of state court proceedings allowing her eviction, and the entry of a TRO and Preliminary Injunction that would allow her to remain in her home until the merits of the action are decided. (Compl. ¶¶ III.C, V).

       "Courts have an independent obligation to determine whether subject-matter jurisdiction exists ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). In this case, because Plaintiff has litigated her housing claims in state court and now seeks review and reversal of the adverse state court decisions in federal court, the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. That doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). This is plainly a case where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment," and "alleging federal-question jurisdiction, called upon the District Court to overturn [the] injurious state-court judgment."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005) (explaining the limited circumstances in which application of the *Rooker-Feldman* doctrine is proper); *see also Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 272 (E.D.N.Y. 2009) (applying *Rooker-Feldman* to dismiss unlawful eviction claim seeking invalidation of state court eviction proceeding).

Even if there were subject matter jurisdiction, the Court would dismiss the Complaint pursuant to its authority to dismiss a frivolous complaint *sua sponte,* even where a plaintiff has paid the filing fee. *See Fitzgerald v. First East Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). Here, even construing Plaintiff's Complaint liberally, as the Court must, *see, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006), it is frivolous as its claims are based on indisputably meritless legal theories.

Plaintiff alleges claims under the Fourteenth Amendment to the United States Constitution and unspecified Regulations and Rules of the U.S. Department of Housing and Urban Development ("HUD"). (Compl. ¶ II.B). Plaintiff's Fourteenth Amendment claims are plainly frivolous, as the Fourteenth Amendment applies only to state action and Plaintiff has failed to bring claims against any governmental actor. *See* U.S. Const. amend. XIV, § 1 ("*No State* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State* deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (emphases added)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972). That a private building receives federal financial assistance and is under the

regulatory control of HUD does not, without more, mean that the actions of its owners and managers constitute state action.  *See, e.g.*, *Hylton v. RY Mgmt.*, No. 05 Civ. 6710 (GBD), 2006 WL 2088196, at *4 (S.D.N.Y. July 25, 2006); *Neal v. Martinez*, No. 01 Civ. 11587 (VM), 2003 WL 260524, at *2 (S.D.N.Y. Feb. 5, 2003) ("Government funding and associated regulation of a private entity, regardless of its size, is insufficient to transform otherwise private conduct into state action.").Plaintiff's purported claims arising under the HUD Rules and Regulations also fail, as courts have repeatedly held that the United States Housing Act, the relevant statute in this case, contains no express or implied private right of action.  *See, e.g.*, *35-41 Clarkson LLC v. N.Y.C. Hous. Auth.*, No. 11 Civ. 6770 (PKC), 2012 WL 5992094, at *8-9 (S.D.N.Y. Nov. 30, 2012); *see also Renaissance Equity Holdings LLC v. Donovan*, No. 12-CV-1639 (FB) (SMG), 2013 WL 2237547, at *5 (E.D.N.Y. May 21, 2013) (citing cases); *Taylor v. Hous. Auth. of New Haven*, 267 F.R.D. 36, 41-42 (D. Conn. 2010), *aff'd sub nom. Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven*, 645 F.3d 152 (2d Cir. 2011) (adopting the district court's "carefully considered and thorough discussion of these issues"); *Montgomery v. City of N.Y.*, No. 09 Civ. 6145 (RJH), 2010 WL 3563069, at *3-4 (S.D.N.Y. Sept. 7, 2010) (citing cases).

For the foregoing reasons, Plaintiff's application for an Order to Show Cause is denied, and her Complaint is dismissed.  The Clerk of Court is directed to close this case and to mail a copy of this Memorandum and Opinion to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 20, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge